IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN SCHARBROUGH,

Petitioner,

v.

JONI DERDZINSKI, STATE OF WISCONSIN,
MARTHA MILANOWSKI, DEBORAH HATFIELD,
JENNIFER ANN STUBER, DANIEL OVERBEY,
JUDICIARY COURTS OF THE STATE OF
WISCONSIN DOING BUSINESS AS
VILAS COUNTY CIRCUIT COURT,
NEAL B. NIELSEN, JUDICIARY COURTS OF THE
STATE OF WISCONSIN DOING BUSINESS AS
ONEIDA COUNTY CIRCUIT COURT,
KENNETH GARDNER, TONY EVERS,
WILLIAM WEISS,
DEPARTMENT OF CORRECTIONS, JARED HOY,
WISCONSIN SUPREME COURT COLLECTION
TRUST FUND, CHAD LYNCH,
NICHOLAS A. GEORGE, and GERARD RITTER,

Respondents.

OPINION and ORDER

24-cv-683-jdp

---

Petitioner Ivan Scharbrough, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Scharbrough names a series of officials and entities as respondents, and he appears to seek relief from multiple criminal and family-court proceedings in Oneida and Vilas counties.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. *See also* 28 U.S.C. § 2243. I must also review his petitions for compliance with Rule 2(c), which requires the petitioner to "specify all the grounds for relief" and "state the facts

supporting each ground." This means that the petitioner must provide enough facts to cross "some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Scharbrough's petition does not comply with Rule 2(c). His petition is extremely long (99 pages) and difficult to follow. He does not clearly explain what state-court decisions he seeks to reverse, how he believes his rights were violated, or explain how this court could consider in one habeas case multiple different judicial proceedings across two counties. Ordinarily, habeas challenges of state-court decisions are limited to those seeking the petitioner's release from custody. Scharbrough almost certainly may not bring a habeas challenge regarding family-court proceedings; only in extremely rare circumstances may habeas petitions be used to challenge child custody.

I will give Scharbrough a chance to file an amended habeas petition. In doing so, Scharbrough should do the following:

- Explain the specific judgments or rulings that he would like the court to review.

- Explain in detail each of his specific grounds for relief and the facts supporting those grounds.

- Explicitly state the relief that he seeks.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

If Scharbrough does not submit an amended petition by this deadline, I will dismiss the case in its entirety.

ORDER

IT IS ORDERED that petitioner may have until May 14, 2026, to submit an amended petition for habeas corpus as discussed in the opinion above.

Entered April 23, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge