IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN SCHARBROUGH,

                    Petitioner,

        v.

JONI DERDZINSKI, STATE OF WISCONSIN,
MARTHA MILANOWSKI, DEBORAH HATFIELD,
JENNIFER ANN STUBER, DANIEL OVERBEY,
JUDICIARY COURTS OF THE STATE OF
WISCONSIN DOING BUSINESS AS
VILAS COUNTY CIRCUIT COURT,
NEAL B. NIELSEN, JUDICIARY COURTS OF THE
STATE OF WISCONSIN DOING BUSINESS AS
ONEIDA COUNTY CIRCUIT COURT,
KENNETH GARDNER, TONY EVERS,
WILLIAM WEISS,
DEPARTMENT OF CORRECTIONS, JARED HOY,
WISCONSIN SUPREME COURT COLLECTION
TRUST FUND, CHAD LYNCH,
NICHOLAS A. GEORGE, and GERARD RITTER,

                    Respondents.

                                                    OPINION and ORDER

                                                    26-cv-260-jdp

---

Petitioner Ivan Scharbrough, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. I concluded that Scharbrough's extremely long and difficult-to-follow petition didn't comply with habeas pleading rules, and I gave him a short time to submit an amended petition. Dkt. 6.

Rather than submit an amended petition, Scharbrough moves to vacate my previous order. Dkt. 8. In that motion, Scharbrough repeatedly refers to me as a "magistrate." If what he means is that my previous order is invalid because I am a magistrate judge who does not have the authority to rule on the substance of his petition, he is incorrect: I am a district court judge. Scharbrough's motion otherwise raises long-discredited "sovereign citizen" theories of

the government's jurisdiction over individuals. The court of appeals has instructed district courts to summarily reject these theories, and I will do so here. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); *Bey v. State of Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017).

In short, nothing in Scharbrough's motion persuades me to vacate my previous decision. I will give him a final opportunity to submit an amended petition. If he fails to do so, I will dismiss this case in its entirety.

ORDER

IT IS ORDERED that:

1. Petitioner's motion to vacate the court's April 24, 2026 order, Dkt. 8, is DENIED.

2. Petitioner may have until June 18, 2026, to submit an amended petition for habeas corpus.

Entered June 4, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

2