IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

IVAN SCHARBROUGH,

                       Petitioner,

     v.

JONI DERDZINSKI, STATE OF WISCONSIN,
MARTHA MILANOWSKI, DEBORAH HATFIELD,
JENNIFER ANN STUBER, DANIEL OVERBEY,
JUDICIARY COURTS OF THE STATE OF
WISCONSIN DOING BUSINESS AS
VILAS COUNTY CIRCUIT COURT,
NEAL B. NIELSEN, JUDICIARY COURTS OF THE
STATE OF WISCONSIN DOING BUSINESS AS
ONEIDA COUNTY CIRCUIT COURT,
KENNETH GARDNER, TONY EVERS,
WILLIAM WEISS,
DEPARTMENT OF CORRECTIONS, JARED HOY,
WISCONSIN SUPREME COURT COLLECTION
TRUST FUND, CHAD LYNCH,
NICHOLAS A. GEORGE, and GERARD RITTER,

                       Respondents.

OPINION and ORDER

26-cv-260-jdp

---

Petitioner Ivan Scharbrough, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Scharbrough names a series of officials and entities as respondents, and he appears to seek relief from multiple criminal and family-court proceedings in Oneida and Vilas counties. I reviewed Scharbrough's petition and concluded that it violated Rule 2(c) of the Rules Governing Section 2254 Cases by failing to clearly explain his grounds for relief. Dkt. 4. I gave Scharbrough a chance to file an amended petition. *Id.* Scharbrough followed with a motion to reconsider, which I denied, and I gave him a final chance to submit an amended petition. Dkt. 9.

Scharbrough has responded by filing a petition that is virtually identical to his previous one, Dkt. 10, fixing none of the problems I noted in my previous orders. He has also filed a "motion for contempt ruling" against me, raising frivolous "sovereign citizen"-type challenges to the court's jurisdiction. Dkt. 11. I will deny the motion for contempt as frivolous, and I will dismiss his habeas petition for his failure to raise any coherent, plausible claim for relief.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because I find that no reasonable jurist would debate the outcome here, I will not issue Scharbrough a certificate of appealability. He may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for a contempt ruling, Dkt. 11, is DENIED.

2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, is DENIED.

3. Petitioner is DENIED a certificate of appealability.

4. The clerk of court is directed to enter judgment and close the case.

Entered July 24, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge